# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | **ED CV 26-00109 FMO (SPx)** | Date | **February 11, 2026** |
|---|---|---|---|
| Title | **Patrick Gorrell, et al. v. Steem Monsters Corporation, et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:          Attorney Present for Defendants:

None Present                    None Present

**Proceedings:          (In Chambers) Order Re: Remanding Action**

On September 23, 2025, Patrick Gorrell and JPTR Corporation (collectively, "plaintiffs") filed a Complaint in the Riverside County Superior Court against Steem Monsters Corporation ("Steem Monsters"), Matthew Rosen ("Rosen"), David McCoy ("McCoy"), and SPS DAO, asserting various state law claims.  (See Dkt. 2, Amended Notice of Removal ("NOR") at ¶ 1); (Dkt. 2-1, Complaint at ¶¶ 76-186).  On January 9, 2026, Steem Monsters, Rosen, and McCoy (collectively, "removing defendants") removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 2, NOR at ¶¶ 4-17).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (noting that a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 26-00109 FMO (SPx)** | Date | **February 11, 2026** |
|---|---|---|---|
| Title | **Patrick Gorrell, et al. v. Steem Monsters Corporation, et al.** | | |

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[1] Here, there is no basis for diversity jurisdiction because the removing defendants have failed to carry their burden to show that there is complete diversity. See Gaus, 980 F.2d at 566; Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (explaining "the party asserting diversity jurisdiction bears the burden of proof"). Gorrell is purportedly a citizen of California, (see Dkt. 2, NOR at ¶ 6), but removing defendants do not provide JPTR's citizenship. (See id. at ¶ 7) (providing only that JPTR is doing business in California); Kanter, 265 F.3d at 858 (finding that removing defendants' "failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction"). Moreover, whereas Rosen and McCoy are citizens of Pennsylvania and North Carolina, respectively, (see Dkt. 2, NOR at ¶¶ 9-10), and Steem Monsters is a citizen of Delaware and Pennsylvania for jurisdiction purposes, (id. at ¶ 8), removing defendants conspicuously fail to identify defendant SPS DAO's citizenship in the NOR. (See, generally, Dkt. 2, NOR). Thus, removing defendants have failed to establish that the opposing parties are diverse. See Kanter, 265 F.3d at 857-58. Because the removing defendants have not met their burden to show the existence of complete diversity, the court must presume jurisdiction is lacking. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Riverside County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).